*Court of Appeals, Fifth Circuit, Parish of St. Charles.*

EMILE FOSSIER, Appellee, *v.* MORGAN'S LA. AND T. R. R. AND S. S. COMPANY.

1. In cases of injury to live stock, railroad companies will be held liable, when their employees, by exercising the necessary vigilance, might have seen, at a proper distance, the animals on the track, and with due regard to the safety of the passengers, have stopped the train before it struck them, but failed to do so.

2. Where there is no written motion filed, asking an amendment of the judgment appealed from, this court will not entertain an application made in counsel's brief for such amendment.

*Appeal from the Twenty-Sixth Judicial District Court, Parish of St. Charles. Hahn, Judge.*

*Jas. D. Augustin* for appellants.

*L. De Poorter* for appellee.

SMITH, J.—Defendants are appellants from a judgment rendered by the honorable the Twenty-Sixth Judicial District Court, for the parish of St. Charles, condemning them in the sum of one hundred and fifty dollars, as the amount of damages inflicted by their western-bound passenger train running into and killing a mule, and permanently injuring a colt, both the property of the plaintiff, on the morning of the 18th day of September, 1881.

As the facts of the killing and injuring and ownership of the

animals in question are fully proved, the next proposition presented for our solution is that of negligence on the part of defendants' employees, an inquiry peculiar to all cases of this or a kindred nature. Negligence, in a legal sense, is the failure to observe for the protection of the interests of others that degree of care, precaution and vigilance which the circumstances justly demand, whereby injury is inflicted.

In cases of injury to live stock, the best authorities hold railroad companies liable when their employees, by the exercise of the necessary vigilance, might have seen, at a proper distance, the animals on the track, and, with due regard to the safety of the passengers, might have stopped the train before it struck them, but failed to do so. See 20 La. An. 158; 15 La. An. 105 ; Pierce on Railroads, page —

A careful examination of all the evidence in the record has failed to convince us that the judge of the court *a quo* has erred. We think there was blame attaching to the defendants' employees, amounting to gross negligence in not resorting (under the circumstances of this case, as shown by the evidence), to the usual and customary modes employed to frighten cattle from the track, and thus, at least, having made the attempt to avoid the accident. It is shown by the testimony that the accident in this instance occurred on a part of defendants' road, where the mule killed and the colt injured could have been readily seen by the engineer in ample time to sound the usual alarms, or, if necessary, even to have stopped his train before reaching them. Neither of these precautions was resorted to. The train was running at a high rate of speed, in the immediate vicinity of a bridge and a regular station, and the whistle was sounded and the train checked up after passing the whistling post, and after the accident had occurred.

There is material conflict, too, in the testimony of defendants' witnesses, and even their own version of the matter would scarcely exonerate them from the charge of negligence sufficient to fix the liability of their employees. On the other hand,

the testimony adduced for the plaintiff seems fully to bear out and justify the conclusions of the district judge.

As there is no written motion in the record, asking an amendment of the judgment of the lower court, so as to allow the damages claimed by the plaintiff, for injury to his colt, we cannot entertain the application as made in his brief; and not being properly before us, we express no opinion relative to the judgment of the court *a quo* on this portion of the case.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed; defendants and appellants to pay costs of both courts.